[No. 13249.    In Bank. — January 24, 1890.]

## SAMUEL DAVIS, APPELLANT, *v.* THE CITY OF SACRAMENTO, RESPONDENT.

SACRAMENTO BONDS — INTEREST ON OVERDUE COUPONS — LIABILITY OF MUNICIPAL CORPORATION FOR INTEREST UPON INTEREST. — Since the act of 1858, under which certain bonds of the city of Sacramento were issued, provided a specific fund for the payment of the bonds and annual interest, and nothing more, the city is not liable to an action to recover interest on overdue coupons. It is only when a city or county is made generally liable for annual interest, and full means are provided for meeting the interest, that it becomes liable for interest upon interest not paid at maturity. THORNTON, J., dissenting.

APPEAL from a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

*W. C. Belcher,* and *Freeman & Bates,* for Appellant.

*A. P. Catlin,* for Respondent.

WORKS, J.— The object of this action is the same as *Bates* v. *Gerber, ante,* p. 550, the case referred to being *mandamus* against the treasurer to compel the payment of interest on overdue coupons, and this an action directly

against the city to recover such interest. We held in *Bates* v. *Gerber* that the coupons did not draw interest after maturity, and the decision in that case is decisive of this. It was held in *Davis* v. *Yuba County*, 75 Cal. 452, that the coupons of certain bonds issued by said county bore interest after maturity, but that case differed materially from this. Here a specific fund is provided for the payment of the bonds and annual interest, and nothing more, and no other means of paying anything more is provided. In the case cited it appears that the county was made generally liable to pay the bonds and interest, and if the fund specifically provided for their payment was insufficient, the treasurer was authorized to draw on the general fund, and if that proved insufficient, the board of supervisors was authorized to raise the necessary funds by contracts or loans. As the county was made generally liable for the annual interest, and means provided for meeting it, we see no reason why the county should not have been held liable for interest on the coupons, if the same were not paid at maturity. But for the reasons stated in the opinion first above referred to, we are of the opinion that no such liability attached under the circumstances of this case, and that for that reason the demurrer to the complaint was properly sustained.

Judgment affirmed.

McFARLAND, J., FOX, J., and PATERSON, J., concurred.

THORNTON, J., dissented.

Rehearing denied.